UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  10-61519-CIV-COOKE/TURNOFF

DEPENDABLE COMPONENT SUPPLY, INC.,

    Plaintiff

vs.

CARREFOUR INFORMATIQUE
TREMBLANT, INC, *et al.*

    Defendants.
_____/

## **OMNIBUS ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

THIS MATTER is before me Defendants First American Bank of Illinois' ("First American") (ECF No. 11), Ashford Finance, Inc.'s ("Ashford") (ECF No. 30), and Corporate Funding Partners' ("Corporate Funding") (ECF No. 37) motions to dismiss.[1]  I have reviewed the motions, the arguments and the relevant legal authorities.  For the reasons stated below the motions to dismiss are granted and the complaint (ECF No. 1-2) is dismissed without prejudice.

## **I. BACKGROUND[2]**

Plaintiff Dependable Component Supply, Inc. ("Dependable Component") is a distributor and seller of high-tech computer and semi-conductor component parts.  On or about May 22, 2009, First American issued a letter of credit on behalf of Defendant Carrefour Informatique Tremblant ("Carrefour"), for the benefit of Dependable Component.  Pursuant to an agreement

---

[1] As of the date of this order, Defendant Carrefour Informatique Tremblant is yet to appear in this action.

[2] These facts are taken from the Plaintiff's Complaint.  *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

between the parties, Dependable Component was to receive payment under the letter of credit upon shipment and acceptance of certain computer component parts.[3]  The terms of the letter of credit, however, authorized payment only upon First American's receipt of an original shipping compliance certificate signed and issued by Ashford Finance, along with other shipping documentation.  On or about June 8, 2009, Dependable Component claims it shipped the goods to Carrefour and Corporate Funding.  On August 26, 2009, Dependable Component demanded payment under the letter of credit.  First American denied payment due to Dependable Component's failure to provide a shipping compliance certificate.

On July 12, 2010, Dependable Component initiated this action in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County Florida, seeking damages for wrongful dishonor of letter of credit (Count I), fraud (Count II), and goods sold (Count III).  On August 19, 2010, First American removed the action to this Court pursuant to 28 U.S.C. § 1332. Defendants seek to dismiss the complaint for lack of jurisdiction, failure to state a cause of action and failure to lead fraud with particularity pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6) and 9(b), respectively. Defendants also argue that Count II is barred by the economic loss rule.

## II. DISCUSSION

### A. Lack of Personal Jurisdiction

In the absence of an evidentiary hearing, the plaintiff bears the burden of making a prima facie showing that the defendants are subject to personal jurisdiction.  *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010) (citing *Morris v. SSE, Inc.*,

---

[3] The complaint repeatedly references an agreement or contract for the sale of goods.  It is unclear whether this agreement was oral or written. No contract was attached to the complaint nor referenced with detail in the pleadings.

843 F.2d 489, 492 (11th Cir. 1988). The assertion of jurisdiction over a corporate defendant is proper if it is appropriate under the state's long-arm statute and does not violate the Due Process Clause of the Fourteenth Amendment. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1168 (11th Cir. 2005). Florida's long-arm statute authorizes the exercise of jurisdiction over a cause of action arising out of "[o]perating, conducting, engaging in, or carrying on a business or business venture" in Florida. Fla. Stat. § 48.193(1)(a)(2010). Florida's long-arm statute also provides for the assertion of jurisdiction over an out-of-state defendant who "commits a tortuous act" or breaches a contract in Florida by failing to perform acts required under the contract. Fla. Stat. §§ 48.193(1)(b) and (g). A corporate defendant's physical presence is not required for jurisdiction to attach. *Horizon*, 421 F.3d at 1168. Even if a defendant falls within the purview of Florida's long-arm statute, personal jurisdiction cannot be exercised over a defendant who does not have sufficient "minimum contacts" with Florida, such that the maintenance of the suit offends "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 316 (1945).

The complaint alleges that this Court "has personal jurisdiction over all defendants as a result of their substantial and not isolated business activity within the state of Florida[,] the infliction of tortuous activity within the state of Florida … and the collaboration between the defendants in the issuance of the letter of credit" to Dependable Component. (*See Compl.*, ECF No. 1-1 ¶ 7). A defendant who is engaged in "substantial and not isolated" activity in Florida is subject to the jurisdiction of the courts in Florida, whether or not the claim arises from that activity. Fla. Stat. § 48.193(2). Section 48.193(2)'s "substantial and not isolated activity" requirements includes the "continuous and systematic general business contacts standard sufficient to satisfy the due process requirement of minimal contacts for general jurisdiction …

3

such that if the defendant's activities meet the requirements of section 48.193(2), minimum contacts is also satisfied." *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1275 n. 16 (11th Cir. 2009) (citation omitted).

Dependable Component asserts that Ashford Finance is subject to this Court's general jurisdiction because of its involvement in an alleged fraudulent inducement scheme. Although the allegations of fraud satisfy the initial jurisdictional inquiry under Fla. Stat. § 48.193(1), the complaint fails to allege facts to even remotely suggest that Ashford Finance has the requisite minimal contacts with Florida to justify the exercise of personal jurisdiction. At best, Dependable Component asks this Court to assert jurisdiction over a corporate defendant who has an express role in authenticating a document that qualifies as a condition precedent to payment on a letter of credit, to which the corporate defendant is neither a obligatory, beneficiary nor signatory. That is a leap this Court simply cannot make. The factual pleadings and legal arguments presented by the parties do not indicate that Ashford Finance "should reasonably anticipate being haled" into court in Florida. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This Court does not have jurisdiction over Ashford Finance.[4]

### B. Failure to State a Cause of Action for (Count I) Wrongful Dishonor of Letter of Credit

A letter of credit is a payment device used in international trade that "permits a buyer in a transaction to substitute its financial integrity with that of a stable credit source, usually a bank." *Banco General Runinahui, S.A. v. Citibank Intern.*, 97 F.3d 480, 482 (11th Cir. 1996) (citing

---

[4] The Court's jurisdictional analysis is limited to the four corners of the complaint, as the parties have failed to file affidavits, testimony or other documents in support of their arguments. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009) (a defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations); *see also Polksie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986) (if the defendant makes a showing that the exercise of jurisdiction is improper, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.")

*Alaska Textile Co., Inc. v. Chase Manhattan Bank, N.A.*, 982 F.2d 813, 815 (2d. Cir. 1992). A letter of credit defines the relationship between the buyer, the seller and the bank, and the bank's promise to pay upon receipt of certain documents "(e.g., documents of title, transport and insurance documents, and commercial invoices)."[5] *Id.* A letter of credit "is wholly separate and distinct from the underlying contract." *Id.* "When the [seller-beneficiary] submits documents to the issuing/confirming bank, the bank's only duty is to examine the documents and determine whether they are in accordance with the terms and conditions of the credit." *Id.* If the documents are conforming, the bank is obligated to honor the letter of credit. *Id.* at 482 (citing *Pro-Fab, Inc. v. Vipa, Inc.*, 772 F.2d 847, 852-53 (11th Cir. 1985)).

Corporate Funding and First American argue that Count I fails to state a cause of action for wrongful dishonor of letter of credit.[6] "To prevail on a wrongful dishonor claim, the beneficiary must demonstrate: (1) the issuance of a letter of credit by the defendant; (2) timely

---

[5] A letter of credit is one of three separate agreements entered into between three separate parties. The first agreement is a sale agreement between a buyer and a seller. The second agreement is between the buyer and the buyer's financial institution. Under the second agreement, the financial institution agrees to secure the buyer's purchase from the seller with a letter of credit. The third agreement is the actual letter of credit, negotiated by the buyer's bank and the seller, which guarantees the seller payment from the financial institution in the event that the buyer itself does not pay. The letter of credit is entirely independent of the other two agreements. *Banco General Runinahui, S.A. v. Citibank Intern.*, 97 F.3d 480, 482 (11th Cir. 1996) (citing *Alaska Textile Co., Inc. v. Chase Manhattan Bank, N.A.*, 982 F.2d 813, 815 (2d. Cir. 1992).

[6] First American also argues that Count I is time barred by Article 5 of the Uniform Commercial Code ("Letter of Credit"). Illinois and Florida follow, without variation, the official text of the relevant portions of the Uniform Commercial Code. *See* 815 ILCS 5 and Fla. Stat. §§ 675.101 et al. UCC § 5-115 imposes a strict, one-year statute of limitations on actions arising from letter of credit transactions. An action to enforce a right or obligation relating to a letter of credit must be filed within one year after the letter of credit expires or one year after the cause of action accrues, whichever occurs later. The letter of credit at issue expired on July 13, 2009. Dependable Component's cause of action accrued on August 26, 2009. The complaint was timely filed in state court on July 12, 2010.

presentation of the required documents; and (3) failure to pay on the letter of credit." *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 325 (5th Cir. 2001) (citation omitted).

The Federal Rules of Civil Procedure require a complaint to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The court must accept all of the plaintiff's allegations as true, however, a complaint is subject to dismissal under Rule 12(b)(6) "when the allegations—on their face—show that an affirmative defense bars recovery on the claim." M*arsh v. Butler Cnty, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Dependable Component alleges that First American is obligated to honor the letter of credit. A bank's liability to honor a letter credit becomes absolute upon the completion of the terms and conditions of the letter of credit. The letter of credit at issue requires the following five (5) documents to be presented to First American:

1. Signed commercial invoice issued by the beneficiary in one original plus three copies indicating LC number, name of the LC issuing bank, and full details of the goods shipped.
2. Packing list in one original and three copies.
3. Truck bills of lading cosigned to Corporate Funding Partners, 460 Montee Kavanagh, Mont Tremblant, Quebec JBE 2P2, Canada, marked freight collect and indicating notify Carrefour Informatique Tremblant, Inc, 460 Montee Kavanagh, Mont Tremblant, Quebec JBE 2P2, Canada.
4. Original shipping compliance certificate signed and issued by an authorized officer of Ashford Finance, LLC, 152 Madison Ave., Suite 1003, New York, NY 10016, USA on their letterhead and countersigned by the Trade Finance Division of First American Bank, 1650 Louis Avenue, Elk Grove, Village, IL 60007, USA.
5. Negotiating bank to present a copy of an authenticated swift message from First American Bank, 1650 Louis Avenue, Elk Grove, Village, IL to the

>negotiating bank verifying the authenticity of their signature on the original shipping compliance certificate.

(*Letter of Credit*, ECF No. 1-2A).

Dependable Component argues that it "reasonably complied" with the terms of the letter of credit. First American, however, argues that "strict compliance" is required to trigger its obligation to pay. The letter of credit does not specify the law that is to be applied in the event of litigation. Article 5 of the Uniform Commercial Code provides that when a letter of credit is silent regarding choice of law, the law where the issuing bank is located governs the issuing bank's liability. *See* U.C.C. § 5-116(b).[7] First American, the issuing bank, is an Illinois corporation. The governing law is therefore the law of Illinois.

Under Illinois law, letters of credit are subject to a rule of "strict compliance." *Banque Paribas v. Hamilton Indus. Inter., Inc..* 767 F.2d 380, 384 (7th Cir. 1985); *see also Integrated Measurement Sys., Inc. v. Int'l Comm. Bank of China*, 757 F. Supp. 938, 944 (N.D. Ill. 1991) (allowing for a variance between the reasonable compliance and strict compliance standards "if there is no possibility that the documents could mislead the paying bank to its detriment.").[8] Therefore, documents presented for payment must precisely meet the requirements set forth in the letter of credit.

Dependable Component concedes that it did not provide First American with an authenticated shipping compliance certificate prior to demanding payment under the letter of

---

[7] For the purpose of jurisdiction, choice of law, and recognition of interbranch letters of credit, but not the enforcement of judgment, all branches of a bank are considered separate juridical entities and a bank is considered to be located at the place where its relevant branch is considered to be located. U.C.C. § 5-116(b).

[8] The Eleventh Circuit has also recognized and applied the "strict compliance" standard to requests for payment under letters of credit. *See Kerr-McGee Chem. Corp. v. FDIC*, 872 F.2d 971, 973 (11th Cir. 1989).

credit, and has therefore failed to satisfy the requisite conditions precedent. Dependable Component also concedes that it has not stated a cause of action for wrongful dishonor of letter of credit against Corporate Funding. Accordingly, Count I is dismissed without prejudice as to First American and with prejudice as to Carrefour and Corporate Funding.[9]

### C. Failure to Plead (Count II) Fraud with Sufficient Particularity.

Defendants argue that the complaint fails to plead fraud with the requisite particularity required by Federal Rule of Civil Procedure 9(b). To satisfy the Rule 9(b) pleading standard, a complaint must allege: (1) the precise statements, documents, representations or omissions made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008); *see also Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006). The Eleventh Circuit has cautioned that "Rule 9(b) must not be read to abrogate Rule 8, however, and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directive of Rule 9(b) with the broader policy of notice pleading." *Friedlander v. Nims*, 755 F.2d 810, 813 n. 3 (11th Cir. 1985); *see also Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011).

The complaint's allegations of fraud are as follows: "Defendants made statements which represented that upon shipment and receipt of the parts, all conditions precedent would be satisfied for redemption of the letter of credit." (*Compl.*, ECF No. 1-1, ¶ 30). "Defendants knew these statements to be false when made, and intended that Dependable [Component] rely on

---

[9] Ashford Finance, Carrefour and Corporate Funding are neither the issuing nor confirming financial institutions responsible for honoring the letter of credit and therefore cannot be liable for wrongful dishonor of a letter of credit.

these representations in accepting the letter of credit." (*Id.* ¶ 31). "In a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient." *West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., et al*, 287 F. App'x 81, 86 (11th Cir. 2008) (citing *Ambrosia Coal & Const. Co.*, 482 F.3d 1309, 1317 11th Cir. 2007)); *see also Goren v. New Vision Intern., Inc.*, 156 F.3d 721, 730 (7th Cir. 1998). The complaint "lumps" the Defendants together and fails to allege which Defendant made the statement, when the statement was made or where the statement was made. As such, Dependable Component has failed to adequately plead fraud.

Corporate Funding and First American also argue that Dependable Component's fraud claim is barred by the economic loss rule. The economic loss rule prevents a plaintiff from seeking damages in a tort action for conduct that is indistinguishable from the acts giving rise to a claim for breach of contract. *See Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 537 (Fla. 2004) (citation omitted); *see also Moorman Mfg. Co. v. National Tank Co.*, 435 N.E.2d 443, 448-49 (Ill. 1982). There is a distinction between claims for fraud in the performance of a contract, which are barred by the economic loss rule, and for fraudulent inducement. A plaintiff has a cause of action for fraud if the fraud is perpetrated to induce the plaintiff to enter into a contract. *La Pesca Grande Charters, Inc. v. Moran*, 704 So. 2d 710, 712 (Fla. Dist. Ct. App. 1998); *see also 1324 W. Pratt Condominium Ass'n v. Platt Const. Group, Inc.*, 936 N.E.2d 1093, 1100 (Ill. App. Ct. 2010) "If there is no fraud inducing someone to enter into a contract, but the contract is breached, the cause of action sounds in contract and contract remedies are available." *Moran*, 704 So. 2d at 712. In other words, "[w]here the only alleged misrepresentations concerns the heart of the parties' agreement simply applying the lanes of

'fraudulent inducement ' to a cause will not suffice to subvert the sound policy rationales underlying the economic loss doctrine." *Eclipse Med. Inc., v. Am. Hydro-Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1347 (S.D. Fla. 1999); *American Patriot Ins. Agency, Inc. v. Mutual Risk Management, Ltd.*, 364 F.3d 884 (7th Cir. 2004).

A letter of credit is separate and distinct from a contract for the sale of goods. *Banco General*, 97 F.3d at 482. The complaint does not clearly allege whether Dependable Component was fraudulently induced to accept the letter of credit, enter into a contract or both. The Court cannot, therefore, reasonably conclude whether the claim is barred by the economic loss rule.

### D. Failure to State a Cause of Action for (Count III) Goods Sold

Dependable Component alleges that it entered into a contract for the sale of goods, that the letter of credit issued for payment of the goods was dishonored, and as a result Carrefour and Corporate Funding are liable for the price of the goods. Having found that the letter of credit has yet to be dishonored as Dependable Component failed to satisfy the requisite conditions precedent, the claim for goods sold is not ripe and is dismissed without prejudice.

### III.  CONCLUSION

For the reasons set forth in this order I hereby **ORDER and ADJUDGE** as follows:

1. The motions to dismiss (ECF Nos. 11, 30, 37) are **GRANTED**.

2. Count I is dismissed *without prejudice* as to First American and *with prejudice* as to Carrefour, Corporate Funding and Ashford Finance.

3. Count II is dismissed *without prejudice* as to all defendants.

4. Count III is dismissed *without prejudice* as to Carrefour and Corporate Funding.

5. Dependable Component is hereby granted leave to amend its complaint within fourteen (14) days from the date of this order. Failure to file the amended pleading will result in

a final order of dismissal of Dependable Component's claims with and/or without prejudice, consistent with this order.

      **DONE and ORDERED** in chambers at Miami, Florida this 13th day of May 2011.

                              */s/ Marcia G. Cooke*
                              MARCIA G. COOKE
                              United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of Record*