UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

Case No. 10-61519-Civ-COOKE/TURNOFF

DEPENDABLE COMPONENT
SUPPLY, INC.

    Plaintiff,

v.

CARREFOUR INFORMATIQUE
TREMBLANT, INC.; CORPORATE
FUNDING PARTNERS, LLC d/b/a
LC.Com, Ltd.; ASHFORD FINANCE,
LLC; and FIRST AMERICAN BANK
OF ILLINOIS,

    Defendants.

_____/

**DEFENDANT'S, FIRST AMERICAN BANK OF ILLINOIS,
VERIFIED MOTION FOR ATTORNEYS' FEES, EXPENSES AND
TAXABLE COSTS AND INCORPORATED MEMORANDUM OF LAW**

Defendant, FIRST AMERICAN BANK OF ILLINOIS (hereinafter "FAB"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 54(d), S.D. Fla. L.R. 7.3, U.C.C §5-111 (e), Fla. Stat. §675.111 (5), 28 U.S.C. §1920, the Court's Final Order of Dismissal [ECF No. 69] entered on June 8, 2011 and the Court's Order and Notice of Hearing [ECF No. 75] dated July 26, 2011, respectfully requests attorneys' fees, expenses and taxable costs, and, in support thereof states:

    1. On July 12, 2010, DEPENDABLE COMPONENT SUPPLY, INC. (hereinafter "DEPENDABLE") filed suit against CARREFOUR INFORMATIQUE TREMBLANT, INC. (hereinafter "CARREFOUR"), CORPORATE FUNDING PARTNERS, LLC d/b/a

LC.Com, Ltd. (hereinafter "CORPORATE FUNDING"), ASHFORD FINANCE, LLC (hereinafter "ASHFORD") and FAB, in state court. FAB was served on August 10, 2010. On August 19, 2010, this case was removed to this Court [ECF No. 1].

2. FAB timely filed its Motion to Dismiss Counts I and II of the Complaint and Supporting Memorandum of Law [ECF No. 11] on September 15, 2010. DEPENDABLE responded by Memorandum on October 4, 2010 [ECF No. 13], and, on October 14, 2010, FAB submitted its Reply [ECF No. 16].

3. Motions to Dismiss were likewise asserted by Co-defendants ASHFORD [ECF No. 30] and CORPORATE FUNDING [ECF No. 37].

4. The Court's Omnibus Order Granting Defendants' Motions to Dismiss [ECF No. 66], in part, dismissed DEPENDABLE's Complaint against FAB for failure to state a cause of action and failure to plead fraud with sufficient particularity. The Court noted that the letter of credit had not been dishonored as DEPENDABLE "concedes that it did not provide [FAB] with an authenticated shipping compliance certificate prior to demanding payment under the letter of credit, and has therefore failed to satisfy the requisite condition precedent" [ECF No. 66].

5. The Court granted DEPENEDBALE leave to amend its Complaint within fourteen (14) days and provided that "failure to file the amended pleading will result in a final order of dismissal of [DEPENDABLE's]" claims. [ECF No. 66]. DEPENDABLE failed to file an amended complaint within the requisite fourteen (14) days.

6. ASHFORD filed its Motion for Final Order of Dismissal [ECF No. 67] on June 3, 2011, and, on June 6, 2011, FAB filed its Motion for Final Order of Dismissal [ECF No. 68].

KELLER & BOLZ, LLP
121 MAJORCA AVENUE, SUITE 200, CORAL GABLES, FL 33134 *TELEPHONE (305) 529-8500 *TELEFAX (305) 529-0228

7. On June 8, 2011, the Court entered its Final Order of Dismissal [ECF No. 69].

8. FAB sought the assistance of the law firms of Jenner & Block LLP and Keller & Bolz, LLP, and, agreed to pay, and has paid, reasonable fees (including fees of attorneys and other professionals), expenses and costs for representing FAB's interests in the above-captioned matter. *See,* Affidavit of Fred Snow attached hereto as Exhibit "A."

## Memorandum of Law

9. Uniform Commercial Code §5-111 (e)[1] provides: "Reasonable attorney's fees and other expenses of litigation must be awarded to the prevailing party in an action in which a remedy is sought under this article." The Uniform Commercial Code Comment to this section explains:

> The court ***must*** award attorney's fees to the prevailing party, whether that party is an applicant, a beneficiary, an ***issuer***, a nominated person, or adviser. Since the issuer may be entitled to recover its legal fees and costs from the applicant under the reimbursement agreement, ***allowing the issuer to recover fees from a losing beneficiary may also protect the applicant against undeserved losses.*** * * * Subsection (e) authorizes attorney's fees in all actions where a remedy is sought "under this article." It applies even … ***when the claimed remedy is otherwise outside of Section 5-111***.
>
> "***Expenses of litigation***" is intended to be ***broader than "costs."*** For example, expense of litigation would include travel expenses of witnesses, fees for expert witnesses, and expenses associated with taking depositions.

U.C.C. §5-111(e) cmt. (e). (Emphasis supplied.)

---

[1] Florida follows, without variation, the 1995 Official Text of the Revised Article 5 of the Uniform Commercial Code ("Letters of Credit") as promulgated by the National Conference of Commissioners of Uniform State Laws. *See,* James E. Byrne, LC Rules & Laws Critical Texts 137-76 (4th ed. 2007). Since Florida follows the Official Text of Revised Article 5 of the U.C.C., citations are to the Official Text of Revised Article 5, not to the Florida Statutes. Florida's Article 5 of the U.C.C can be found at Fla. Stat. Chap. 675.

10. A "prevailing party is one who has been awarded some relief by the court i.e., some court-ordered change in the legal relationship between the plaintiff and the defendant. See, Morillo – Cedron v. Dist. Dir. For the U.S. Citizenship and Immigration Serv., 452 F. 3d 1254 (11th Cir. 2006) discussing, Buckhannon Bd. & Care Home, Inc., W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001). Thus, FAB is the prevailing party and entitled to not only taxable costs[2] under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. §1920, but also to attorneys' fees and other "expenses of litigation" under U.C.C. §5-111(e).

**I. Attorneys' Fees Incurred by FAB.**

FAB is entitled to recover its attorneys' fees against DEPENDABLE from inception of this action.[3] Excerpted transcripts of the billing invoices submitted by the law firms of Jenner & Block LLP and Keller & Bolz LLP to FAB relating to representation of FAB's interests in this action are attached hereto, respectively, as Exhibits "C" and "D." FAB submits excerpted transcripts of the billings in order to (a) exclude matters that did not relate to representation of FAB's interests in this action; and, (b) preserve matters protected under its attorney client privilege and the work product doctrine.[4] If the Court should require, FAB will submit a true and correct copy of each invoice for *in camera* review. Redacted copies of the billing invoices submitted by the law firms of

---

[2] FAB has separately asserted its Bill of Costs whereby it submitted is claim for recovery of taxable costs pursuant to the procedures outlined by this Court's Local Rules.
[3] FAB will amend this Motion to also include the amounts it claims by reason of seeking its attorneys' fees, however, at this date, FAB has not received a statement from undersigned counsel for the services required to present this Motion.
[4] The actual invoices submitted by these two law firms contain entries that were not related to representation of FAB against the claims of DEPENDABLE in this action. Moreover, by submission of the evidence supporting this motion, FAB does not intend, nor shall it in any way be deemed, to waive attorney-client privilege, work product doctrine protections or the protections of any other applicable privilege or doctrine.

Jenner & Block LLP and Keller & Bolz LLP to FAB relating to the representation of FAB's interest in this action are attached hereto, respectively, as Exhibits "E" and "F".

Pursuant to the understandings between FAB and its two law firms, its attorneys were retained and paid for their services on an hourly basis at varying hourly rates. The excerpted transcripts of the billing invoices describe in detail the number of hours expended, the bases for those hours, the hourly rates charged and the identity of the timekeepers. See, Exhibits "C" and "D."

These fees were calculated by taking the total hours expended by the assigned attorneys at both firms and multiplied by the agreed hourly rate. The provision of services by Jenner and Block LLP attorneys resulted in a time value of $139,175.75. The hours and rates per attorney are summarized in the below table.

| Name of Attorney | Per Hour Rate | No. of Hours | Fee |
| --- | --- | --- | --- |
| William D. Heinz | $825.00 | 49.00 | $40,425.00 |
| Carter H. Klein | $675.00 | 71.75 | $48,431.25 |
| Anna W. Margasinska | $370.00 | 136.00 | $50,319.50 |

However, certain invoices were discounted by Jenner & Block LLP by 25%, equaling a $25,532.19 reduction in the total amounts billed. Accordingly, FAB incurred and paid attorneys' fees for professional services rendered by attorneys with the law firm of Jenner & Block LLP in the amount of $113,643.56.

FAB initially retained Keller & Bolz, LLP as local counsel, but as of November 30, 2010, as lead counsel. In this regard, FAB incurred attorneys' fees of $84,926.00 for

KELLER & BOLZ, LLP
121 MAJORCA AVENUE, SUITE 200, CORAL GABLES, FL 33134 *TELEPHONE (305) 529-8500 *TELEFAX (305) 529-0228

services rendered by Keller & Bolz LLP from the inception of the lawsuit through June 8, 2011 (date of the final order)[5], as follows:

| Name of Attorney | Per Hour Rate | No. of Hours | Fee |
|---|---|---|---|
| John W. Keller, III | $350.00 | 160.80 | $56,280.00 |
| Henry H. Bolz, III | $350.00 | 0.70 | $245.00 |
| John D. Farrish | $185.00 | 111.40 | $20,609.00 |
| Sheyla Mesa | $185.00 | 41.20 | $7,622.00 |

In addition, FAB incurred $170.00 in paralegal and law clerk fees for services rendered by the Keller & Bolz firm. Thus, FAB is entitled to recover of $113,643.56 for professional services rendered by the law firm of Jenner & Block LLP and $84,926.00 for professional services rendered by the law firm of Keller & Bolz, LLP, for a total of $198,569.56.

## II. The Hours and Fees Charged Were Reasonable.

A reasonable award of attorneys' fees is calculated using the lodestar method. *See, Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *E.g., Norman v. Hous. Auth. of the City of Montgomery,* 836 F. 2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Id.* The Court is itself an expert on the question, and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value. *Id* at 1303. The next step in the analysis is to determine the number of

---

[5] See fn. 3.

hours reasonably expended. *Id.* at 1301. This step requires that the applicant exercise, what the Supreme Court calls, "billing judgment." *Id.* This means that, "excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed. *Id.*, *citing*, *Hensley*, 461 U.S. at 434. Lastly, once the lodestar is determined, the court may adjust the lodestar for the results obtained. *Norman*, 836 F. 2d at 1303.

The above-referenced hourly rates and hours expended by FAB's attorneys in litigating this case are reasonable given, among other things: the attached affidavit of Edward A. Moss (Exhibit "B"), the type of case and substantial liability DEPENDABLE sought to impose on FAB; the attorneys' skill, experience and reputation; and the Court's own knowledge of the prevailing market rates in this community for similar services by attorneys of reasonably comparable skills, experience and reputation. The efforts of attorneys, although sometimes expended on the same aspect of the case, were coordinated and not duplicative or redundant. The background information for each of the attorneys is as follows:

William D. Heinz

> Partner in Jenner & Block's Chicago office; graduated from University of Illinois College of Law in 1973; admitted to Illinois Bar in 1973; AV Peer Review Rated; adjunct professor at Northwestern University School of Law; extensive experience in complex commercial litigation.

Carter H. Klein

> Partner in Jenner & Block's Chicago office; graduated from the University of Illinois College of law in 1972; admitted to Illinois Bar in 1972; AV Peer Review Rated; extensive experience with Article 5 of the U.C.C. – Letters of Credit; participated in drafting process for Article 5 of the U.C.C.; chair of the Letter of Credit Subcommittee of the U.C.C. Committee of the ABA from 2003-2007.

Anna W. Margasinska

Associate attorney with Jenner & Block's Chicago office; graduated from University of Florida Levin College of Law in 2008; admitted to the Illinois Bar in 2008.

### John W. Keller, III

Partner in Keller & Bolz, LLP; graduated from Stetson University College of Law in 1977; admitted to the Florida Bar, and the United States District Court for the Southern and Middle District of Florida in 1977; admitted to United States Court of Appeals for the Fifth and Eleventh Circuit in 1979; AV Peer Review Rated; Board Certified in Admiralty and Maritime Law.

### Henry H. Bolz, III

Partner in Keller & Bolz, LLP; graduated from the University of Florida Levin College of Law in 1978; admitted to the Florida Bar, the United States District Court for the Southern and Middle District of Florida, the United States Court of Appeals for the Fifth and Eleventh Circuits and the United States Supreme Court in 1978; AV Peer Review Rated.

### John D. Farrish

Associate attorney at Keller & Bolz, LLP; graduated from the University Of Miami School Of Law; admitted to the Florida Bar in 2007.

### Sheyla Mesa

Associate attorney at Keller & Bolz, LLP; graduated from Florida International University College of Law in 2010; admitted to the Florida Bar in 2010.

The skill, experience and reputation of the above-listed attorneys merit the rates claimed. In addition, Edward A. Moss confirms in his affidavit that the rates claimed are in accordance with the prevailing market rates charged in similar cases by attorneys with comparable skills, experience and reputation.

Furthermore, the above-referenced attorneys' fees were necessarily and reasonably incurred given, among other things: the results obtained by FAB's attorneys (i.e., dismissal of all claims asserted by DEPENDABLE); the complexity of the claims asserted by DEPENDABLE (i.e., wrongful dishonor of a letter of credit and fraud); the

Page **8** of **13**

KELLER & BOLZ, LLP
121 MAJORCA AVENUE, SUITE 200, CORAL GABLES, FL 33134 *TELEPHONE (305) 529-8500 *TELEFAX (305) 529-0228

magnitude of the alleged damages sought by DEPENDABLE (i.e., exceeding $500,000 as amounts due under the letter of credit and attorneys' fees); and the number of parties involved. In light of these factors FAB is entitled to an award of attorneys' fees in the amount of $196,907.81 as detailed above.

### III. Expenses.

FAB is also entitled to recover the expenses[6] of litigation pursuant to Fed. R. Civ. P. 54(d), S.D. Fla. L.R. 7.3, U.C.C. §5-111 (e) and 28 U.S.C. §1920. The following expenses were necessarily and reasonably incurred.

| Expense of Litigation | Amount |
|---|---|
| Long distance telephone charges of Keller & Bolz, LLP. | $37.91 |
| UPS charges for Jenner & Block, LLP to send documents to Keller & Bolz, LLP. | $44.22 |
| Postage charges for Keller & Bolz, LLP | $5.87 |
| PACER charges. | $1.70 |
| Westlaw research charge. | $2,368.95 |
| LexisNexis research charge. | $1,278.96 |
| Records | $40.00 |
| Network Printing | $8.90 |
| Photocopies – Jenner & Block LLP | $265.70 |
| Photocopies – Keller & Bolz, LLP | $7.50 |

Therefore, FAB is entitled to recover an award of the above-referenced expenses of litigation totaling $4,059.71.

WHEREFORE, Defendant, FIRST AMERICAN BANK OF ILLINOIS, respectfully requests that this Honorable Court enter an order awarding FIRST AMERICAN BANK OF ILLINOIS its attorneys' fees and expenses totaling $202,629.27, plus $383.00 in

---

[6] Although the plain language of U.C.C. §5-111 (e) entitles FAB to recover "expenses of litigation," FAB, by separate submission, filed its Bill of Costs along with its supporting Memorandum of Law, in compliance with S.D. L.R. 7.3 (c). The Bill of Costs, however, seeks only taxable costs, whereas section 5-111(e) contemplates expenses of litigation and is not limited to taxable costs. FAB's taxable costs are $383.00 and would also be recoverable under section 5-111(e).

Page **9** of **13**

KELLER & BOLZ, LLP
121 MAJORCA AVENUE, SUITE 200, CORAL GABLES, FL 33134 *TELEPHONE (305) 529-8500 *TELEFAX (305) 529-0228

taxable costs, for a total of $203,012.27 and for such other relief as this Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

DATED this 27th day of July, 2011.

Respectfully submitted,

KELLER & BOLZ, LLP
Attorneys for FIRST AMERICAN BANK OF ILLINOIS
121 Majorca Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 529-8500
Telefax: (305) 529-0228
Email: jkeller@kellerbolz.com

By:_____
JOHN W. KELLER, III
Fla. Bar No. 229989

## VERIFICATION OF FEES AND COSTS

STATE OF FLORIDA :

COUNTY OF MIAMI-DADE :

BEFORE ME, the undersigned authority, personally appeared, John W. Keller III, Esq., who being duly sworn, did depose and state as follows:

1. I am the attorney of record for Defendant, FIRST AMERICAN BANK OF ILLINOIS, and am personally familiar with the captioned litigation and the actions taken

by the Parties with respect to pleadings, discovery, motion practice, compliance with the Federal and Local Rules, compliance with the Court's Scheduling Orders, mediation scheduling and otherwise participating in the captioned litigation, as well as, the Bank's attorneys' fees, expenses and taxable costs occasioned by reason thereof.

2. I have reviewed the invoices for services rendered (excerpted transcripts of which are attached to Defendant's, First American Bank of Illinois, Verified Motion for Attorneys' Fees, Expenses and Taxable Costs and Incorporated Memorandum of Law) by Jenner & Block LLC and Keller & Bolz LLC in regard to representing the interests of the Defendant Bank in the captioned litigation. I have conferred with William Heinz, esq. of the Jenner & Block firm, as to the accuracy of that firm's invoices and the excerpted transcripts thereof, and he has confirmed to me that the description of services rendered, time entries, and expenses noted on those billing invoices are true and correct. Hence, the description of services rendered, time entries, expenses and taxable costs contained in the billing invoices of the Bank's two law firms are true and correct to the best of my knowledge.

3. All attorneys' fees, expenses and taxable costs incurred in connection with this case for which recovery is sought were necessary and incurred in good faith for the representation of FAB's interests in the above-captioned matter.

FURTHER AFFIANT SAYETH NAUGHT.

By: _____
John W. Keller, III

STATE OF FLORIDA            :

COUNTY OF MIAMI-DADE        :

BEFORE ME, the undersigned authority, this day personally appeared John W. Keller, III, Esq., who being personally known to me, was first duly sworn and stated that the preceding information is true and correct.

My Commission Expires:



NOTARY PUBLIC
State of Florida

Print Name of Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's, First American Bank of Illinois, Verified Motion for Attorneys' Fees, Expenses and Taxable Costs and Incorporated Memorandum of Law, was served via transmission of Notices of Electronic Filing generated by CM/ECF on this _ day 27 of July, 2011 on all counsel or parties of record on the Service List below.

By:_____
JOHN W. KELLER, III
Fla. Bar No. 229989

KELLER & BOLZ, LLP
121 MAJORCA AVENUE, SUITE 200, CORAL GABLES, FL 33134 *TELEPHONE (305) 529-8500 *TELEFAX (305) 529-0228

## SERVICE LIST

Juan R. Serrano, Esq.
Jonathan Eqing, Esq.
jserrano@griffinserrano.com
jaewing@griffinserrano.com
GRIFFIN & SERRANO, P.A.
Blackstone Building, Sixth Floor
707 Southwest 3rd Avenue
Fort Lauderdale, FL 33316
Tel: 954-462-4002
Fax: 954-462-4009
*Attorney for Plaintiff*
*Dependable Component Supply, Inc.*

Alan M. Weisberg, Esq.
Garret Barten, Esq.
aweisberg@cwiplaw.com
gbarten@cwiplaw.com
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Blvd., Suite 2040
Fort Lauderdale, FL 33301
Tel: 954-828-1488
Fax: 954-828-9122
*Attorney for Defendant*
*Corporate Funding Partners d/b/a*
*LC.Com Ltd.*

Richard W. Epstein, Esq.
Rebecca F. Bratter, Esq.
Richard.Epstein@gmlaw.com
Rebecca.Bratter@gmlaw.com
GREENSPOON MARDER, P.A.
100 West Cypress Creek Road
Suite 700
Trade Centre South
Fort Lauderdale, FL 33309
Tel: 954-491-1120
Fax: 954-343-6958
*Attorney for Defendant*
*Ashford Finance LLC*

KELLER & BOLZ, LLP
121 MAJORCA AVENUE, SUITE 200, CORAL GABLES, FL 33134 *TELEPHONE (305) 529-8500 *TELEFAX (305) 529-0228