UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 10-61519-CV-COOKE/TURNOFF

DEPENDABLE COMPONENT SUPPLY,
INC.,

    Plaintiff,
vs.

CARREFOUR INFORMATIQUE
TREMBLANT, INC., CORPORATE
FUNDING PARTNERS, LLC d/b/a
LC.com, Ltd; ASHFORD FINANCE,
LLC; and FIRST AMERICAN BANK
OF ILLINOIS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon Defendant First American Bank of Illinois' ("First American") Bill of Costs **[DE70]**, Plaintiff, Dependable Component Supply, Inc.'s ("Plaintiff") Motion to Strike First American's Fees and Costs Motions **[DE74]**, First American's Motion for Attorney's Fees and Costs **[DE76]**, and two Orders of Referral entered by the Honorable Marcia G. Cooke. **[DE73, 82]**. Upon review of the Motions **[DE70, 74 & 76]**, the Responses, the Replies, the court file, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Background

This action was originally filed by Plaintiff Dependable Component Supply, Inc. ("Plaintiff") in the 17th Judicial Circuit in and for Broward County, Florida on July 12, 2010. Compl. **[DE1]**. The matter was removed to this Court on August 19, 2010. Id. The Complaint alleges, among other

things, wrongful dishonor of letter of credit, and fraud in connection with the sale of goods by Plaintiff to Defendants. Id. The named Defendants are Carrefour Informatique Tremblant, Inc.("Carrefour"), LC.com, Ltd. d/b/a Corporate Funding Partners ("Corporate Funding"), Ashford Finance, LLC ("Ashford"), and First American.

On May 14, 2011, Judge Cooke entered an Order Granting Defendants' Motions to Dismiss **[DE66]**. In the Order, Judge Cooke dismissed Count I (wrongful dishonor of letter of credit) as to First American *without prejudice* and *with prejudice* as to Carrrefour, Corporate Funding and Ashford Finance. Id. Count II (fraud) was dismissed *without prejudice* as to all defendants, and Count III (goods sold)was dismissed *without prejudice* as to Carrefour and Corporate Funding. Id.

As part of that Order, Judge Cooke granted Plaintiff leave to amend its Complaint by May 27, 2011. Id. The Order cautioned that the failure to amend the pleadings would result in the final dismissal of all claims. Id. Plaintiff failed to amend its pleadings, and on June 8, 2011, Judge Cooke entered a Final Order of Dismissal and closed out the case. **[DE69]**. The dismissal, however, indicated that Plaintiff's claims against First American were dismissed "without prejudice." Id.

The instant fees and costs motions followed.

### Procedural Matters

In response to the instant motions, Plaintiff filed a Motion to Strike questioning, among other things, the procedural ripeness of Defendant's request for fees and costs. In its Motion, Plaintiff argues that the fees and costs motion is premature, because the case remains closed, as per Judge Cooke's Order. In other words, Plaintiff suggests that the case must be reopened before these motions can be addressed. **[DE74]**. Plaintiff also argues, in a separate response, that the issue of attorneys fees and costs is premature, because the instant matter was never litigated or adjudicated

on the merits. Instead, Plaintiff suggests that the dismissal was purely procedural in nature. **[DE92]**.

In this connection, Plaintiff filed a Motion to Reopen Case and/or Leave to File an Amended Complaint **[DE 81]**. In a related Supplemental Memorandum **[DE86]**, Plaintiff essentially seeks relief from judgment pursuant to Fed.R.Civ.P. 60. Plaintiff further suggests that the dismissal without prejudice is an interlocutory order governed by Fed.R.Civ.P. 54(d) that can be amended at any time prior to the entry of a judgment.

On September 28, 2011, Judge Cooke denied the Motion to Reopen **[DE81]** in its entirety.

### Judge Cooke's Final Order of Dismissal

In order to determine whether First American is entitled to the requested fees and costs, it is necessary to review Judge Cooke's Final Order of Dismissal. The first question that comes to mind, is what did the district court intend? Was the dismissal meant to be a sanction for non-compliance with Judge Cooke's Order? Probably not. A party cannot be sanctioned for failing to file an amended complaint, because "leave to amend" is permissive and not mandatory. Hertz Corp. v Alamo Rent-A-Car, Inc., 16 F. 3d 1126 (11th Cir. 1994). Rule 41 is instructive on this issue. It states,

> **(a)(2) By Court Order**;
> . . . Unless the order states otherwise, a dismissal under this paragraph (2) is a dismissal without prejudice.

Fed.R.Civ.P. 41(a)(2).

\* \* \*

> **(b) Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order *states otherwise*, a dismissal under this subdivision (b) and any dismissal not under this rule – except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 –operates as an adjudication on the merits.

3

Fed.R.Civ.P. 41(b).

Here, the language in Judge Cooke's Final Order of Dismissal "states otherwise," in that the dismissal as to First American is "without prejudice." **[DE69]**.

As a general matter, a dismissal without prejudice is not an adjudication on the merits. The case of <u>Sanchez v. Swire Pacific Holdings, Inc.</u>, No. 09-20235, 2009 WL 205272 (S.D.Fla. July 9, 2009) is instructive on this issue. There, Chief Judge Federico A. Moreno dismissed Plaintiff's Complaint *sua sponte* without prejudice to refile. <u>Id.</u> at *4. The grounds for the dismissal were failure to file a response to a motion to dismiss. <u>Id.</u> at *1. The very next day, Defendant, claiming to be the prevailing party, moved for attorney's fees and costs. <u>Id.</u> The matter was referred to Magistrate Judge Edwin G. Torres.

In his Report and Recommendation, Magistrate Judge Torres explained that in determining who is prevailing party standard, federal and Florida courts look for: (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim, or (2) a judicial imprimatur on the change in the legal relationship between the parties. <u>Sanchez v. Swire Pacific Holdings, Inc.</u>, No. 09-20235 (S.D.Fla. filed Jan. 27, 2009)(citing <u>Smalbein v. City of Daytona Beach</u>, 353 F. 3d 901, 905 (11th Cir. 2003). **[DE34]**.

As noted above, the <u>Sanchez</u> Plaintiff failed to file an opposing memorandum. In that instance, the Court concluded that the legal relationship between the parties had not been changed in any substantive way. <u>Id.</u> In other words, even though Defendant had prevailed on the motion to dismiss, because of the "without prejudice" language, it had not prevailed in the litigation, and therefore was not entitled to fees. <u>Id.; see also.</u>, <u>Szabo Food a Better Environment v. Steel Co.</u>, 230 F. 3d 923, 929-30 (7th Cir. 2000)(a dismissal without prejudice is not decision on the merits, because

the defendant remains at risk.).

In Schuurman v. The Motor Vessel "Betty K V," 798 F. 2d 442 (11th Cir. 1986), however, the Eleventh Circuit explains that if a plaintiff does not amend the complaint within the time allowed, no amendment may be made absent leave of court, and the dismissal order becomes final at the end of the stated period. In other words, for purposes of appeal, the order of dismissal in this situation becomes final upon the expiration of the time allowed for amendment. Id. Nevertheless, the Schuurman Court cautioned that a dismissal *will not* automatically terminate an action when a complaint is dismissed, *unless* the court holds that no amendment is possible or that the dismissal of the complaint constitutes a dismissal of the action. Id. at 445. Where this situation is intended, Schurman instructs that the district court should clearly so indicate. Id. The court reasoned that such a standard serves to "protect[s] the plaintiff from the situation in which his time to appeal begins to run absent an explicit indication that the dismissal is not curable." Id.

Here, Judge Cooke's first Order Granting Defendant's Motions to Dismiss **[DE66]**, dated May 13th, gave Plaintiff leave to file an amended pleading by May 27, 2011. Plaintiff failed to do so. Thus, under the Robinson line of cases, the Order would have become final on May 27th. However, the June 8, 2011 Final Order of Dismissal again indicates that the dismissal is "without prejudice" as to First American (Counts 1-2). **[DE69]**. Even if we assume that the May 13th order became an adjudication on the merits, the later filed June 9th Order, on its face, suggests that it was not. **[DE69]**.

## Recommendation

Consistent with the above, and based on the current record, the undersigned is unsure of the district court's intentions, and as such, is unable to make a recommendation as to the substance of

the above Motions at this time. Accordingly, it is **RESPECTFULLY RECOMMENDED** that the Motions **[DE 70, 74 & 776]** be **HELD IN ABEYANCE** and that the Court clarify, among other things, whether the Final Order of Dismissal was meant to serve as an adjudication on the merits that terminated the action. If so, it is **RESPECTFULLY RECOMMENDED** that Defendant be ordered to move for the entry of judgment, or that the Court enter same *sua sponte.*

Pursuant to 28 U.S.C. §636(b)(1)( c), the parties may file written objections to this Report and Recommendation with the Honorable Marcia G. Cooke, United States District Judge, within fourteen (14) days of receipt. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149, reh'g denied, 7 F.3d 242 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 15th day of December 2011.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:   Hon. Marcia G. Cooke
      Counsel of Record