**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.  10-61519-CIV-COOKE/TURNOFF**

DEPENDABLE COMPONENT SUPPLY, INC.,

      Plaintiff

vs.

CARREFOUR INFORMATIQUE
TREMBLANT, INC, *et al.*

      Defendants.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS MATTER was referred to the Honorable William C. Turnoff, United States

Magistrate Judge, for a ruling on Defendant First American Bank of Illinois' ("First American")

Motion for Bill of Costs (ECF No. 70) and Verified Motion for Attorneys' Fees, Expenses and

Taxable Costs (ECF No. 76).  On December 15, 2011, Judge Turnoff issued a Report (ECF No.

99), recommending that Defendants motions for costs and attorneys fees be held in abeyance.

First American filed its objections to Judge Turnoff's Report on December 29, 2011.  (ECF No.

100).  Having reviewed the record, Judge Turnoff's Report, and First American's objections I

find that a clarification is required to resolve the outstanding issues and lay this case to rest.

### Factual Background and Procedural History

Plaintiff Dependable Component Supply, Inc. ("Dependable Component") is a distributor

and seller of high-tech computer and semi-conductor parts.  On or about May 22, 2009, First

American issued a letter of credit on behalf of Defendant Carrefour Informatique Trembland

("Carrefour"), for Dependable Component's benefit.  Pursuant to an agreement between the

parties, Dependable Component was to receive payment under the letter of credit upon shipment

and acceptance of certain computer component parts.  The terms of the letter of credit, however, authorized payment only upon First American's receipt of an original shipping compliance certificate signed and issued by Defendant Ashford Finance, Inc., ("Ashford Finance"), along with other shipping documentation.  Dependable Component claimed it shipped the goods to Carrefour and Defendant Corporate Funding Partners ("Corporate Funding") and demanded payment under the letter of credit.  First American denied payment due to Dependable Component's failure to provide a shipping compliance certificate.  Dependable Component, in turn, initiated this action, seeking damages for wrongful dishonor of letter of credit, fraud, and goods sold.  Defendants moved to dismiss the Complaint for lack of jurisdiction, failure to state a cause of action and failure to plead fraud with particularity.

On May 13, 2011, I entered an Omnibus Order Granting Defendants' Motions to Dismiss.  (ECF No. 66).  In that Order, I found that the Court did not have personal jurisdiction over Ashford Finance, that the Complaint failed to state a cause of action wrongful dishonor of letter of credit and goods sold, and failed to plead fraud with particularity.  Count I was dismissed *without prejudice* as to First American and *with prejudice* as to Carrefour, Corporate Funding and Ashford Finance.  Count II was dismissed *without prejudice* as to all Defendants and Count III was dismissed *without prejudice* as to Carrefour and Corporate Funding. Dependable Component was also granted leave to file an amended pleading no later than May 27, 2011, and was cautioned that failure to do so would result in a final order of dismissal of Dependable Component's claims.  Dependable Component failed or otherwise refused to file an amended pleading and, as a result, a Final Order of Dismissal was entered on June 9, 2011.

First American filed a Motion for Bill of Costs (ECF No. 70) on July 7, 2011, and a Motion for Attorney Fees, Expenses and Taxable Costs (ECF No. 76) on July 27, 2011.  On

August 9, 2011, two and a half months after it was directed to do so, Dependable Component filed a Motion to Reopen Case and/or Leave to File Amended Complaint. (ECF No. 81). While asking for leave to file an amended pleading out of time, Dependable Component simultaneously conceded that, "[a]fter analyzing and weighing the costs associated with continuing this litigation, Dependable [Component] decided to cut its losses and not continue with the case." (*Id.* at 2). On August 11, 2011, Dependable Component deposed First American's corporate representative and, on August 17, 2011, filed a supplemental memorandum in support of its Motion to Reopen Case, citing to "newly discovered evidence" gathered through that deposition. (*Id.*). On September 28, 2011, I denied the Motion to Reopen Case and/or Leave to File Amended Complaint for two reasons. First, the Motion does not establish good cause why Dependable Component failed to file an amended pleading by May 27, 2011. (*See* ECF No. 97). Second, neither the Motion nor the supplemental memorandum attach a proposed amended complaint or set forth the substance of the proposed amendment as required by Federal Rule of Civil Procedure 7(b)(1).

On September 28, 2011, Judge Turnoff heard oral argument on First American's Motion for Bill of Costs and a Motion for Attorney Fees, Expenses and Taxable Costs, and issued a Report and Recommendation asking me to "clarify, among other things, whether the Final Order of Dismissal was meant to serve as an adjudication on the merits that terminated the action." (ECF No. 99 at 6). First American filed its objections to Judge Turnoff's Report on December 29, 2011, urging the Court to (1) find that the Final Order of Dismissal was indeed intended to serve as an adjudication on the merits and (2) enter an order on First American's motions for costs and attorneys' fees.

**Discussion**

*Dependable Component's Motion to Amend*

By its own admission, Dependable Component made a calculated decision to ignore its opportunity to file and amended complaint in the time allotted by the Court. Dependable Component only elected to resume litigation when it was "forced to reevaluate its position when Defendants sought unreasonable fees at a rate of $825.00 an hour, for a total of $200,000.00, in a matter that never progressed beyond the initial pleading stage, where no discovery was every [sic] served by any party, and where the issues were only at their infancy." (ECF No. 90 at 6). In support of its Motion, Dependable Component argues that "newly acquired" deposition testimony from First American's corporate representative "supports causes of action by Dependable [Component] against First American Bank for Breach of Contract, Breach of Fiduciary Duty, Third Party Beneficiary, Unjust Enrichment and Quantum Merit." (ECF No. 86 at 2). Dependable Component, however, fails to provide the Court with anything more than conjecture and speculation as to *how* the testimony would support the proposed causes of action.[1] "A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long c. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). A plaintiff who fails to properly follow this procedure is precluded from arguing on appeal that the district abused its discretion by denying leave to amend a complaint. *Id.* at 1279-80. *See also Doe v. Pryor*, 344 F.3d 1282, 1288 (11th Cir. 2003) (district court did not abuse its

---

[1] Dependable Component relies on Federal Rule of Civil Procedure 60, which contemplates amendments for newly acquired evidence. "On motion and just terms, the court may relieve a party or its legal representation from a final judgment, order or proceeding for … (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Interestingly, Dependable Component fails to point out the fact that the "newly discovered evidence" was acquired nearly one year after this case was removed to this Court and four months after the close of fact discovery. The record clearly reflects that Dependable Component did not act with "reasonable diligence."

discretion by denying plaintiff's motion for reconsideration or, in the alternative, leave to amend because it "contained neither the proposed amendment nor the substance of it"); *Vanderberg v. Donaldson*, 259 F.3d 1232, 1327 (11th Cir. 2001) (affirming denial of a motion to amend where the plaintiff "presented no reasons for why the district court should have granted [the motion] nor did he give any indication about what the substance of his proposed amendment would be"). Dependable Component had numerous opportunities to provide a proposed amended complaint or, alternatively, the substantive justification for filing one, and is currently a victim of its own circumstance.  At this juncture, I will not reward Dependable Component for its own detrimental legal decisions, strategies and tactics.

*Adjudication on the Merits*

First American may be entitled to attorneys' fees and costs only if it is recognized as the prevailing party.  In Florida, a party is the "prevailing party" where it has been awarded relief on the merits of the claims at issue or where there is a judicial imprimatur on the change in the legal relationship between the parties.  *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003).  Simply stated, there must be an adjudication on the merits.  Pursuant to Federal Rule of Civil Procedure 41(b), an involuntary dismissal "operates as an adjudication on the merits" unless a dismissal order states otherwise. Fed. R. Civ. P. 41(b).  In this case, both the Omnibus Order Granting Defendants' Motions to Dismiss and the Final Order of Dismissal "state otherwise" in that they expressly state that the claims against First American are dismissed *without prejudice*.  The Eleventh Circuit has recognized, however, that a dismissal without prejudice will "become a dismissal with prejudice when no timely amendment [is] filed and no request for an extension [is] submitted." *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1128 n. 3 (11th Cir. 1994).  Dependable Component failed to file a timely amendment and made

5

not request for an extension of time to do so.   Consistent with the Federal Rules of Civil Procedure and the law in this Circuit, and to clarify any confusion from prior orders, the Final Order of Dismissal is a dismissal *with prejudice* as to Dependable Component's claims for wrongful dishonor of letter of credit, fraud and goods sold, and is indeed an adjudication on the merits.

**DONE and ORDERED** in chambers at Miami, Florida this 26th day of January 2012.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of Record*