UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61519-CIV-COOKE/TURNOFF

DEPENDABLE COMPONENT SUPPLY, INC.,

 Plaintiff
vs.

CARREFOUR INFORMATIQUE
TREMBLANT, INC, *et al.*

 Defendants.
_____/

## ORDER GRANTING IN PART MOTIONS FOR COSTS AND ATTORNEYS' FEES

THIS MATTER is before me on Defendant First American Bank of Illinois' ("First American") Motion for Bill of Costs (ECF No. 70) and Verified Motion for Attorneys' Fees, Expenses and Taxable Costs (ECF No. 76), and Dependable Component Supply, Inc's ("Dependable Component") Motion to Strike (ECF No. 74). First American seeks $198,569.56 in attorneys' fees and expenses. Dependable Component opposes such an award as excessive for a case that never progressed beyond the initial pleading stage.

The standard for determining attorney's fees in the Eleventh Circuit is the lodestar method, which requires this Court to multiply the reasonable hours expended by defense counsel by the reasonable hourly rates charged by defense counsel and his associates. *Norman v. Housing Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Cuban Museum of Arts & Culture, Inc. v. City of Miami*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991). The court may then adjust that award in light of the defendant's level of success. *Roland v. Pure Air Solutions, Inc.*, No. 07-22203-CIV, 2010 WL 410571 at *5 (S.D. Fla. Jan. 29. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

*Reasonableness of Attorney's Requested Hourly Rate*

The party seeking attorney's fees is responsible for submitting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman*, 836 F.2d at 1299 (fee applicant has burden "of producing satisfactory evidence that the requested rate is in line with prevailing market rates [and] … satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. When analyzing the prevailing market rate, a court considers: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).[1] The Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303.

First American retained two law firms and has requested fees for seven (7) attorneys who have billed at varying hourly rates of $825.00 per hour, $675.00 per hour, $370.00 per hour,

---

[1] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

$350.00 per hour, and $185.00 per hour. First American claims that the "skill, experience and reputation of [their attorneys] merit the rates claimed." (ECF No. 76 at 8). First American has submitted the affidavit of Edward A. Moss, Esq., who has posited that the rates "comport with the prevailing market rates in their legal communities for similar services by attorneys of reasonably comparable skills, experience and reputation." (Moss Aff. 2, ECF No. 76-2). I disagree and find that the hourly rate of $350.00 for each lawyer who billed on this case to be reasonable. The higher specific rates requested in the Motion will be reduced accordingly.

***Reasonableness of Attorneys' Requested Billable Hours***

The next step in calculating the lodestar is to determine the reasonable amount of hours expended in the case. *Norman*, 836 F.2d at 1301. In doing so, the court should exclude "excessive, redundant or otherwise unnecessary" hours from the amount claimed. *Id.* First American has submitted billed time for seven lawyers who collectively filed a four-page Notice of Removal (ECF No. 1), a two-page Unopposed Motion for Extension of Time (ECF No. 3), a single page Corporate Disclosure Statement (ECF No. 4), one substantive Motion to Dismiss and Reply thereto, totaling twenty-six pages (ECF No. 11, 16), a six-page Motion for Hearing (ECF No. 62), and a five-page Witness List (ECF No. 63). However, despite the fact that the parties did not engage in discovery and First American did not take a single deposition, First American's lawyers billed at total of 570.85 hours. Assuming First American has provided an accurate total, and assuming each lawyer billed an average of eight hours per day, the billed total accounts for 71.35 days of work.[2] That, in turn, means that it took seven lawyers approximately 1.6 days to review documents and research case law for each page submitted to the Court in a run-of-the-

---

[2] This is, again, an average based upon an evenly distributed allocation of work among the seven lawyers. It does not take into consideration the specific dates when First American filed various documents with the Court. For example, the Motion to Dismiss and Witness List were respectively filed 27 days and 252 days after the action was removed.

mill wrongful dishonor of letter of credit action that requires no specialized knowledge or training.  After a review of the submitted time sheets, I find the requested billable hours excessive.  In reducing excessive fees, the court may conduct an hour-by-hour analysis or elect to reduce fees by using an across-the-board method to avoid "pick and shovel work."  *See Bivens v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).  Accordingly, I find that an overall reduction for excessive and redundant billing is warranted.

***Expenses & Costs***

First American also seeks to recover expenses and costs in the amount of $4,059.71 pursuant to Fed. R. Civ. P. 545(d), S.D. Fla. L.R. 7.3, U.C.C. § 5-111(e) and 28 U.S.C. § 1920.  First American details the specific expenses it seeks as including $37.91 for long distance telephone charges, $44.22 for UPS charges, $5.87 in postage charges, $1.70 in PACER fees, $2,368.95 for legal research on Westlaw, $1,278.96 for research on LexisNexis, $40.00 for records, and $282.10 for printing and photocopying.  First American also seeks $383.00 for filing fees, and initial disclosures.  (ECF No. 70).  Although First American is entitled to recover expenses and costs, Congress has specified and limited which costs are recoverable.[3]  Section 1920 makes no reference to computerized research costs.  *See* 28 U.S.C. § 1920.  As such, they are not recoverable.  *Gary Brown & Assoc., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (legal research not recoverable under § 1920); *Duckworth*, 97 F.3d at 1399 ("Plaintiff's affidavits appear to include costs such as … computerized legal research … which

---

[3] "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.  A bill of costs shall be filed in the case and, upon allowance, be included in the judgment or decree." 28 U.S.C. § 1920.

4

are clearly nonrecoverable."); *Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc.*, No. 06-61231-CIV, 2010 WL 680948 at *15 (S.D. Fla. Feb. 24, 2010) ("Plaintiff requests Westlaw fees … for online legal research [and] PACER fees … for accessing the Court's docket …As there is no explicit authorization to grant these costs under § 1920, they are not recoverable.").

After careful consideration of the record, I find that a reduction in First American's attorney fee and costs award is appropriate.  It is therefore **ORDERED and ADJUDGED** as follows:

1. First American's Motion for Bill of Costs for **$383.00** (ECF No. 70) is **GRANTED**.

2. Dependable Component's Motion to Strike (ECF No. 74) is **GRANTED** *in part*.

3. First American's Verified Motion for Attorneys' Fees, Expenses and Taxable Costs (ECF No. 76) is **GRANTED** *in part*.

    a. The hourly rates charged by Jenner and Block LLP shall be reduced to an hourly rate of $350.00 per hour. Jenner and Block LLP's attorney fee award shall be reduced by **65%** for a total award of **$31,451.88**.

    b. Keller & Bolz LLP's attorney fee award shall also be reduced by **65%** for a total award of **$29,724.10**.

    c. The request for compensation for computerized research shall be deducted from the expenses and taxable costs award for a total award of **$410.10**.

4. A separate final judgment will be issued in accordance with Fed. R. Civ. P. 58.

**DONE and ORDERED** in chambers at Miami, Florida this 26th day of January 2012.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of Record*