UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-61519-CIV-COOKE/TURNOFF

DEPENDABLE COMPONENT SUPPLY, INC.,

    Plaintiff
vs.

CARREFOUR INFORMATIQUE
TREMBLANT, INC., *et al.*,

    Defendants.
_____/

**ORDER OF FACTUAL DETERMINATION AND
RETURN OF RECORD TO THE ELEVENTH CIRCUIT COURT OF APPEALS**

THIS MATTER is before me on the Order of Limited Remand from the United States Court of Appeals for the Eleventh Circuit (ECF No. 121) and Defendant First American Bank of Illinois' Amended Notice of Removal, (ECF No. 127), in compliance with my Order Granting Defendant First American Bank of Illinois' Motion for Leave to Amend the Notice of Removal (ECF No. 126).  For the reasons stated herein, I find that this Court had original jurisdiction of this matter pursuant to 28 U.S.C. § 1332, and therefore, the appeal of this matter before the Eleventh Circuit may properly proceed.

    **I.**    **RELEVANT PROCEDURAL HISTORY**

This matter initiated in this Court on August 19, 2010 upon the Notice of Removal ("Original Notice") filed by Defendant First American Bank of Illinois. (ECF No. 1).  In its Original Notice, First American Bank of Illinois contended that this Court had original jurisdiction of the instant three-count civil action premised upon the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.  First American Bank of Illinois averred that Plaintiff Dependable Component Supply, Inc. "was, and now is" a citizen of Florida; Defendant Carrefour

Informatique Tremblant, Inc. "was, and now is" a citizen of Quebec, Canada; Defendant LC.com, Ltd. "was, and now is" a citizen of Delaware and New York; Defendant Ashford Finance, LLC "was, and now is" a citizen of New York; and Defendant First American Bank of Illinois "was, and now is" a citizen of Illinois.  *See* Notice of Removal ¶¶ 2-6, ECF No. 1.

On June 9, 2011, I entered a Final Order of Dismissal (ECF No. 69) dismissing Plaintiff's claims with and/or without prejudice against all Defendants consistent with my Omnibus Order Granting Defendants' Motions to Dismiss (ECF No. 66) due to Plaintiff's failure or refusal to file an amended complaint.  On August 4, 2011, Plaintiff moved to reopen the matter.  (ECF No. 81). Plaintiff's motion was denied for failure to articulate good cause as to why Plaintiff waited three months to comply with the initial Omnibus Order Granting Defendants' Motions to Dismiss. (ECF No. 97).  Final judgment in favor of Defendant First American Bank of Illinois was entered on January 26, 2012.  (ECF No. 106).  Plaintiff appealed the final judgment on February 24, 2012, and Defendant First American Bank of Illinois cross-appealed on March 8, 2012.  (ECF Nos. 108, 112).

While maintaining jurisdiction of the appeal, the Eleventh Circuit remanded this action for the limited purpose of making a factual determination as to diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (ECF No. 121).  The Eleventh Circuit noted that neither Plaintiff's original Complaint nor First American Bank of Illinois' Notice of Removal adequately pled the citizenship of Defendant Ashford Finance, LLC because they failed to aver the citizenships of all members of the limited liability company.  *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

In accordance with the Eleventh Circuit's limited remand, I ordered the Plaintiff to file an amended complaint setting forth the citizenship of all members of Defendant Ashford Finance,

LLC. (ECF No. 122). Plaintiff filed its Amended Complaint stating that despite due diligence, it was unable to ascertain who comprised the members of Ashford Finance, LLC and their citizenship. (ECF No. 123). In response, Ashford Finance, LLC filed the Declaration of Noushir Hasan, the owner and a member of Ashford Finance, LLC. (ECF No. 124). Based upon Mr. Hasan's declaration, First American Bank of Illinois sought to amend its Notice of Removal to sufficiently state the citizen of Defendant Ashford Finance, LLC. (ECF No. 125).

## II.   FACTUAL FINDINGS

The record sufficiently establishes that diversity jurisdiction exists between the parties pursuant to 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship, meaning that the plaintiff's citizenship must be different from that of each of the defendants' citizenships. *Peterson v. Ramirez*, 428 F. App'x. 908 (citing *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005)). "If even one defendant's citizenship is the same as the plaintiff's there can be no diversity jurisdiction." *Id.* Additionally, if one of the defendants is an unincorporated company, which does not have inherent citizenship, the record must establish that the plaintiff's citizenship differs from that of each member of the limited liability company defendant. *Rolling Greens MHP*, 374 F.3d at 1022.

I find that Plaintiff Dependable Component Supply is diverse from every defendant, including Defendant Ashford Finance, LLC. The record establishes that Plaintiff is a Florida citizen, while Defendant Carrefour Informatique Tremblant, Inc. is a Canadian citizen, Defendant LC.com, Ltd. is a Delaware and New York citizen, Defendant First American Bank of Illinois is an Illinois citizen, and Defendant Ashford Finance, LLC is a New York citizen as both of its members are citizens of the state of New York. No defendant is a Florida citizen like Plaintiff. Therefore, there is complete diversity amongst the parties as required by 28 U.S.C. §

1332.

### III. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that:

1. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is **SATISFIED**; and

2. This case is **RETURNED** to the Court of Appeals for the Eleventh Circuit per its Order of Limited Remand (ECF No. 121).

**DONE and ORDERED** in chambers at Miami, Florida, this 28th day of June 2012.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*